## SOUTHERN NEW ENGLAND TELEPHONE COMPANY v. DEPARTMENT OF PUBLIC UTILITY CONTROL (AC 21212)

Landau, Dranginis and Peters, Js.

Argued March 23—officially released July 3, 2001

*Ralph G. Elliot,* for the appellant (plaintiff).

*Tatiana D. Eirmann,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

*Opinion*

LANDAU, J. The plaintiff, Southern New England Telephone Company (telephone company), appeals from the judgment of the trial court dismissing its administrative appeal following the granting of a motion to dismiss for lack of a final decision filed by the defendant department of public utility control (department).[1] On appeal, the telephone company claims that the court improperly failed to conclude that the telephone company (1) was entitled to appeal even absent a final decision of the department or (2) did appeal from a final decision. We affirm the judgment of the trial court.

---

[1] CTC Communications Corporation intervened as a defendant in this case.

A review of the following facts and procedural history is necessary for an understanding of the issues presented in this appeal. The department is a state agency authorized pursuant to title 16 of the General Statutes and the Telecommunications Act of 1996, 47 U.S.C. § 151 et seq., to regulate and supervise the operation of public service companies in Connecticut. The telephone company is a public service company within the meaning of General Statutes § 16-1 (4) and (23), and has been authorized by the department to provide telecommunication services in the state.

In March, 1998, the telephone company sought permission from the department to change the amount it charges for seventeen types of nonrecurring migration charges.[2] After the opportunity for comment and testimony, the department, on January 5, 2000, issued an order (January order), Docket No. 98-09-01, with respect to nonrecurring migration charges. On April 28, 2000, the department sent the telephone company a letter (April letter), referencing the docket number for the January order, directing the telephone company to implement the department's rates for the seventeen types of nonrecurring migration charges. The parties disagree concerning the significance of the January order and the April letter. The telephone company asserts that the January order applied only to two of the seventeen nonrecurring migration charges and, therefore, the April letter was a distinct final decision. The department claims that the January order applied to all seventeen migration charges and that the April letter was merely a follow up enforcement letter applying to the January order.

---

[2] Nonrecurring charges are incurred for "one-time" services. A migration charge is a type of nonrecurring charge incurred when a customer of the telephone company changes its service provider from the telephone company to a certified local exchange carrier, but the customer continues to use the telephone company's facilities (telephone line).

The telephone company appealed to the Superior Court from the April letter. The department filed a motion to dismiss the telephone company's appeal, claiming that it was not taken from a final decision. The court concluded that the April letter was not a final decision and, accordingly, granted the department's motion to dismiss. This appeal followed. Other facts will be discussed where necessary.

The telephone company claims that the court improperly granted the department's motion to dismiss the telephone company's administrative appeal for lack of a final decision. More specifically, the telephone company claims that (1) pursuant to General Statutes § 16-35, it was entitled to take an administrative appeal of the directives in the April letter without a final decision by the department and (2) that the April letter was a final decision. We disagree.

Our standard of review for a motion to dismiss is well settled. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting grant of the motion to dismiss will be de novo." (Citations omitted; internal quotation marks omitted.) *Borden* v. *Planning & Zoning Commission*, 58 Conn. App. 399, 405, 755 A.2 224, cert. denied, 254 Conn. 921, 759 A.2d 1023 (2000).

I

The telephone company first claims that the court improperly failed to conclude that pursuant to § 16-35, it was entitled to take an administrative appeal of the directives in the April letter even absent a final decision by the department. We disagree.

"It is well established that the right to appeal an administrative action is created only by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction." (Internal quotation marks omitted.) *Johnson* v. *Dept. of Public Health*, 48 Conn. App. 102, 110, 710 A.2d 176 (1998). Our resolution of the telephone company's claim, therefore, requires us to construe the statutes that create the right to appeal administrative actions. " 'It is fundamental that statutory construction requires us to ascertain the intent of the legislature and to construe the statute in a manner that effectuates that intent. . . . *Starr* v. *Commissioner of Environmental Protection*, 236 Conn. 722, 737, 675 A.2d 430 (1996). In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . *Fleming* v. *Garnett*, 231 Conn. 77, 92, 646 A.2d 1308 (1994); *State* v. *Metz*, 230 Conn. 400, 409, 645 A.2d 965 (1994). . . . [C]ommon sense must be used in statutory interpretation, and courts will assume that the legislature intended to accomplish a reasonable and rational result. . . . *Elliot* v. *Sears, Roebuck & Co.*, 229 Conn. 500, 515, 642 A.2d 709 (1994); *State* v. *Hinton*, 227 Conn. 301, 320, 630 A.2d 593 (1993).' . . . *Cannata* v. *Dept. of Environmental Protection*, 239 Conn. 124, 140–41, 680 A.2d 1329 (1996)." (Citations omitted.) *Carpenter* v. *Freedom of Information Commission*, 59 Conn. App. 20, 24, 755 A.2d 364, cert. denied, 254 Conn. 933, 761 A.2d 752 (2000). Where "the language of the statute is plain and unambiguous, we will not look beyond the words themselves . . . ." *Szczapa* v. *United Parcel Service, Inc.*, 56 Conn. App. 325, 329, 743 A.2d 622, cert. denied, 252 Conn. 951, 748 A.2d 299 (2000). Finally, "we

are guided by the principle that the legislature is always presumed to have created a harmonious and consistent body of law . . . . [T]his tenet of statutory construction . . . requires us to read statutes together when they relate to the same subject matter . . . ." (Citations omitted; internal quotation marks omitted.) *Derwin* v. *State Employees Retirement Commission*, 234 Conn. 411, 420, 661 A.2d 1025 (1995).

Pursuant to § 16-35,[3] "[a]ny person, including but not limited to a company . . . aggrieved by any order, authorization or decision of the Department of Public Utility Control . . . may appeal therefrom in accordance with the provisions of [General Statutes §] 4-183. . . ." There is nothing within the text of § 16-35 that indicates that a final decision of the department is required to take an administrative appeal. According to the statute's terms, however, appeals taken under § 16-35 must comply with the provisions of § 4-183. Section 4-183 (a) sets forth the jurisdictional requirement that appellants must be "aggrieved by a *final decision*" of

---

[3] General Statutes § 16-35 provides: "(a) Any person, including but not limited to a company, town, city, borough or corporation aggrieved by any order, authorization or decision of the Department of Public Utility Control, except an order, authorization or decision of the department approving the taking of land, in any matter to which such person was or ought to have been made a party or intervenor, may appeal therefrom in accordance with the provisions of section 4-183. Such person so appealing shall give bond to the state, with sufficient surety, for the benefit of the adverse party, in such sum as the department fixes, to pay all costs in case such person fails to sustain such appeal. No municipality or political subdivision shall be determined not to be aggrieved solely because there are other persons who are similarly affected by the order, authorization or decision of the department.

"(b) Any person who may appeal an order, authorization or decision of the department under subsection (a) of this section who was an intervenor or, after timely application, was denied intervenor status to the department proceeding, shall be limited to raise on appeal only those issues that (1) such person addressed during the proceeding or were addressed in the final decision or (2) such person raised in his request for intervenor status if he was denied intervenor status."

the agency to take an administrative appeal. (Emphasis added.) When read together, the plain language of the statutes makes it clear that § 4-183 (a) places the jurisdictional requirement of a final decision on appeals taken under § 16-35. Accordingly, the court did not improperly fail to conclude that the telephone company was entitled to take an administrative appeal of the directives in the April letter without a final decision of the department.

## II

The telephone company next claims that the court improperly concluded that the April letter was not a final decision of the department. More specifically, the telephone company argues that the April letter was a final decision because it was either a (1) declaratory ruling or (2) a reconsideration by the department. We disagree.

A review of the record reveals the following additional facts. In a letter dated March 3, 2000, defendant CTC Communications Corporation (CTC) requested that the department enforce the January order against the telephone company. Similarly, in a motion to compel dated March 22, 2000, Connecticut Telephone & Communications Systems, Inc. (CTTel), urged the department to enforce the January order.[4] The telephone company, on April 5, 2000, sent the department a response to CTC's letter and CTTel's motion to compel. In the April letter, the department indicated that it was in receipt of the letter, motion and response previously discussed. The department then stated that its January order applied to all seventeen nonrecurring migration charges and directed the telephone company to comply with the order.

---

[4] CTTel is a certified local exchange carrier. In its motion, CTTel alleged that the telephone company implemented only two of the seventeen nonrecurring migration charges required pursuant the January order.

The telephone company first claims that pursuant to General Statutes § 4-166 (3) (B), the April letter is a final decision because it is a declaratory ruling interpreting the January order. In support of its position, the telephone company argues that the parties had different opinions regarding the scope of the January order and that the April letter clarified the meaning of the order. The department counters that the April letter simply is an enforcement letter for the January order and that it does not qualify as a declaratory ruling because the procedures for declaratory rulings were not followed.

Pursuant to § 4-166 (3) (B), a declaratory ruling made by an agency is a final decision. A declaratory ruling proceeding may be initiated by the petition of a party or on an agency's own motion. General Statutes § 4-176 (a). Where a declaratory ruling proceeding has been initiated, the agency must comply with a number of procedures. General Statutes § 4-176 (b) through (j). The procedures include, inter alia, giving notice to all persons to whom notice is required by law and keeping a record of the proceedings. See General Statutes § 4-176 (c) and (j).

There is no evidence in the record that a party initiated a declaratory ruling proceeding by filing a petition, nor is there evidence that the department, on its own motion, initiated such a proceeding. Furthermore, the record does not contain any evidence that the department followed any of the declaratory ruling procedures required pursuant to § 4-176. On the basis of the evidence contained in the record, we cannot conclude that the April letter constitutes a declaratory ruling.

The telephone company next claims that the April letter is a final decision because it is an agency decision made after reconsideration. More specifically, the telephone company argues that the April letter modified

the January order and, therefore, the letter constitutes a reconsideration of the order.

Section 4-166 (3) (C) provides that an agency decision made after reconsideration is a final decision. Reconsideration for purposes of § 4-166 (3) (c) is limited to a decision that was final before reconsideration because it was made in a contested case. *Derwin* v. *State Employees Retirement Commission*, supra, 234 Conn. 422. Assuming, without deciding, that the January order was a contested case, we now address whether the April letter was a reconsideration of the order.

"In determining the proper scope of § 4-166 (3) (C), we look first to . . . [General Statutes] § 4-181a, which governs the reconsideration of agency decisions pursuant to [General Statutes § 4-166 et seq., the Uniform Administrative Procedure Act]." *Derwin* v. *State Employees Retirement Commission*, supra, 234 Conn. 420–21. There are three ways an agency can perform reconsideration under § 4-181a. First, "a party in a contested case may . . . file with the agency a petition for reconsideration . . . on the ground that (A) [a]n error of fact or law should be corrected; (B) new evidence has been discovered . . . or (C) other good cause for reconsideration has been shown. . . ." General Statutes § 4-181a (a) (1). Second, "[o]n a showing of changed conditions, the agency may reverse or modify the final decision, at any time, at the request of any person or on the agency's own motion. . . ." General Statutes § 4-181a (b). Finally, "[t]he agency may . . . modify a final decision to correct any clerical error. . . ." General Statutes § 4-181a (c).

In our review of the record, we find no evidence that the April letter was prompted by a petition for reconsideration on any of the grounds set forth by § 4-181a. Accordingly, we conclude that the April letter does not constitute a reconsideration of the department's January order.

The judgment is affirmed.

In this opinion the other judges concurred.