CLARENCE O. REYNOLDS *v.* DEPARTMENT OF
PUBLIC UTILITY CONTROL ET AL.*

Superior Court, Judicial District of New Britain
File No. CV010509064S

---

* Affirmed. *Reynolds* v. *Dept. of Public Utility Control*, 266 Conn. 606, 834 A.2d 58 (2003).

Memorandum filed October 11, 2001

*Nancy Burton*, for the plaintiff.

*Robert L. Marconi*, assistant attorney general, for the named defendant.

*Duncan Ross MacKay*, for the defendant Northeast Nuclear Energy Company.

SCHUMAN, J. The plaintiff, Clarence O. Reynolds, is a former employee of the defendant Northeast Nuclear Energy Company (Northeast Nuclear) who filed a whistleblower complaint against the company with the defendant department of public utility control (department). The plaintiff has now filed an action against the department and Northeast Nuclear challenging the department's decision to refrain from taking administrative enforcement action against Northeast Nuclear. The plaintiff seeks an order remanding the case to the department with orders to enforce the plaintiff's reinstatement as an employee of Northeast Nuclear. The department moves to dismiss primarily on the ground that there is no contested case within the meaning of the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. For the following reasons, the court grants the motion to dismiss.

I

The plaintiff contends that his action is not an administrative appeal under the UAPA, but rather is a unique

cause of action under General Statutes §§ 16-8a and 16-8d. Section 16-8a is entitled "Protection of employee of public service company, contractor or Nuclear Regulatory Commission from retaliation. Procedures. Regulations"[1] and contains a series of procedures for the

[1] General Statutes § 16-8a provides: "(a) No public service company, as defined in section 16-1, holding company, as defined in section 16-47, or Nuclear Regulatory Commission licensee operating a nuclear power generating facility in this state, or person, firm, corporation, contractor or subcontractor directly or indirectly providing goods or services to such public service company, holding company or licensee, may take or threaten to take any retaliatory action against an employee for the employee's disclosure of (1) any matter involving the substantial misfeasance, malfeasance or nonfeasance in the management of such public service company, holding company or licensee, or (2) information pursuant to section 31-51m. Any employee found to have knowingly made a false disclosure shall be subject to disciplinary action by the employee's employer, up to and including dismissal.

"(b) Any employee of such a public service company, holding company or licensee, or of any person, firm, corporation, contractor or subcontractor directly or indirectly providing goods or services to such a public service company, holding company or licensee, having knowledge of any of the following may transmit all facts and information in the employee's possession to the Department of Public Utility Control: (1) Any matter involving substantial misfeasance, malfeasance or nonfeasance in the management of such public service company, holding company or licensee; or (2) any matter involving retaliatory action or the threat of retaliatory action taken against an employee who has reported the misfeasance, malfeasance or nonfeasance, in the management of such public service company, holding company or licensee. With regard to any matter described in subdivision (1) of this subsection, the department shall investigate such matter in accordance with the provisions of section 16-8 and shall not disclose the identity of such employee without the employee's consent unless it determines that such disclosure is unavoidable during the course of the investigation. With regard to any matter described in subdivision (2) of this subsection, the matter shall be handled in accordance with the procedures set forth in subsections (c) and (d) of this section.

"(c) (1) Not more than thirty business days after receipt of a written complaint, in a form prescribed by the department, by an employee alleging the employee's employer has retaliated against an employee in violation of subsection (a) of this section, the department shall make a preliminary finding in accordance with this subsection.

"(2) Not more than five business days after receiving a written complaint, in a form prescribed by the department, the department shall notify the employer by certified mail. Such notification shall include a description of

## department to follow in investigating a whistle-blower

the nature of the charges and the substance of any relevant supporting evidence. The employer may submit a written response and both the employer and the employee may present rebuttal statements in the form of affidavits from witnesses and supporting documents and may meet with the department informally to respond verbally about the nature of the employee's charges. The department shall consider in making its preliminary finding as provided in subdivision (3) of this subsection any such written and verbal responses, including affidavits and supporting documents, received by the department not more than twenty business days after the employer receives such notice. Any such response received after twenty business days shall be considered by the department only upon a showing of good cause and at the discretion of the department. The department shall make its preliminary finding as provided in subdivision (3) of this subsection based on information described in this subdivision, without a public hearing.

"(3) Unless the department finds by clear and convincing evidence that the adverse employment action was taken for a reason unconnected with the employee's report of substantial misfeasance, malfeasance or nonfeasance, there shall be a rebuttable presumption that an employee was retaliated against in violation of subsection (a) of this section if the department finds that: (A) The employee had reported substantial misfeasance, malfeasance or nonfeasance in the management of the public service company, holding company or licensee; (B) the employee was subsequently discharged, suspended, demoted or otherwise penalized by having the employee's status of employment changed by the employee's employer; and (C) the subsequent discharge, suspension, demotion or other penalty followed the employee's report closely in time.

"(4) If such findings are made, the department shall issue an order requiring the employer to immediately return the employee to the employee's previous position of employment or an equivalent position pending the completion of the department's full investigatory proceeding pursuant to subsection (d) of this section.

"(d) Not later than thirty days after making a preliminary finding in accordance with the provisions of subsection (c) of this section, the department shall initiate a full investigatory proceeding in accordance with the provisions of section 16-8, at which time the employer shall have the opportunity to rebut the presumption. The department may issue orders or impose civil penalties in a manner that conforms with the notice and hearing provisions in section 16-41 against a public service company, holding company or licensee or a person, firm, corporation, contractor or subcontractor directly or indirectly providing goods or services to such public service company, holding company or licensee, in order to enforce the provisions of this section.

"(e) If an employee or former employee of such a public service company, holding company or licensee, or of a person, firm, corporation, contractor or subcontractor directly or indirectly providing goods or services to such

complaint against a public service or nuclear power generating company. While subsection (d) of the statute requires a hearing if the department decides to issue orders or to impose civil penalties against a company, the statute does not require the department to conduct a hearing if, as here, it decides against imposing any sanctions against a company.

Section 16-8d is entitled "Recovery of costs, expenses, judgments or attorney's fees for an action brought under section 16-8a."[2] In asserting that a cause

a public service company, holding company or licensee, having knowledge of any matter involving the substantial misfeasance, malfeasance or nonfeasance in the management of such public service company, holding company or licensee, enters into an agreement with the employee's employer that contains a provision directly or indirectly discouraging the employee from presenting a written complaint or testimony concerning such misfeasance, malfeasance or nonfeasance in any legislative, administrative or judicial proceeding, such provision shall be void as against public policy.

"(f) The Department of Public Utility Control shall adopt regulations, in accordance with chapter 54, to carry out the provisions of this section. Such regulations shall include the following: (1) The procedures by which a complaint may be brought pursuant to subsection (a) of this section; (2) the time period in which such a complaint may be brought; (3) the time period by which the department shall render a decision pursuant to subsection (d) of this section; (4) the form on which written complaints shall be submitted to the department by an employee pursuant to subsection (c) of this section; and (5) the requirement that a notice be posted in the workplace informing all employees of any public service company, holding company and licensee and of any person, firm, corporation, contractor or subcontractor directly or indirectly providing goods or services to a company or licensee, as defined in subsection (b) of this section, of their rights under this section, including the right to be reinstated in accordance with subsection (c) of this section."

[2] General Statutes § 16-8d provides: "(a) No costs, expenses or judgments associated with any action brought under the provisions of section 16-8a may be included in the rates or charge of any public service company, as defined in section 16-1, until such time as the Department of Public Utility Control or the Labor Department, in a final decision, finds in favor of the company or if such action is appealed, until such time as the court finds, in a final decision, in favor of the company.

"(b) In any action brought under the provisions of section 16-8a, which results in a judgment in favor of the plaintiff, the court shall award to the plaintiff, in addition to any other relief, costs and a reasonable attorney's fee based on the work reasonably performed by an attorney and not on the amount of recovery, and may award punitive damages.

"(c) The provisions of subsections (a) and (b) of this section shall only

of action exists under § 16-8a, the plaintiff relies particularly on subsection (b) of § 16-8d. That subsection provides that "[i]n any action brought under the provisions of section 16-8a, which results in a judgment in favor of the plaintiff, the court shall award to the plaintiff, in addition to any other relief, costs and a reasonable attorney's fee based on the work reasonably performed by an attorney and not on the amount of recovery, and may award punitive damages." General Statutes § 16-8d (b). The plaintiff appears to contend that §§ 16-8a and 16-8d (b) give him a right to sue the department independent of the UAPA.

## II

At the outset, it is not clear that the plaintiff has filed his action under §§ 16-8a and 16-8d. The plaintiff's complaint does request damages, costs and attorney's fees pursuant to § 16-8d. But the complaint is entitled "Appeal," seeks a finding that the department's conduct was undertaken without substantial justification within the meaning of General Statutes § 4-184a (b), which is part of the UAPA, and seeks attorney's fees and costs pursuant to the same statute. Those statements and allegations make this case look like an administrative appeal under the UAPA. Out of an abundance of caution, the court will construe the complaint as attempting both to constitute a direct action under §§ 16-8a and 16-8d as well as an administrative appeal under the UAPA.

## III

Insofar as the complaint arises under §§ 16-8a and 16-8d, the court holds that the plaintiff cannot sue the department. The analysis begins with Public Acts 1991,

apply to an action brought pursuant to section 16-8a by an employee of a Nuclear Regulatory Commission licensee operating a nuclear power generating facility in this state or by any person, firm, corporation, contractor or subcontractor directly or indirectly providing goods or services to such licensee."

No. 91-247 (P.A. 91-247). Section one of P.A. 91-247 amended § 16-8a so that it would contain the four paragraphs that correspond generally to subsections (a), (b), (d) and (f) of the current statute. See footnote 1. Section two of P.A. 91-247 created what is now codified as subsection (a) of § 16-8d. See footnote 2. Section two provided that no costs or expenses associated with "any action brought under the provisions of section 16-8a" may be included in the rates of any public service company until the department or the department of labor, "in a final decision, finds in favor of the company or if such action is appealed, until such time as the court finds, in a final decision, in favor of the company." P.A. 91-247, § 2.

To be sure, the references to "any action brought under the provisions of section 16-8a" and to an appeal from an agency decision are unclear. One searches both the 1991 version and the current version of § 16-8a in vain for any right of action to which the phrase "any action brought under the provisions of section 16-8a" could refer.[3] Instead, § 16-8a describes only an administrative process. The sponsor of the 1991 bill nonetheless stated that the bill "would not allow the utility to charge ratepayers for legal expenses in the whistle blower's harassment case unless the final decision is in favor of the utility." 34 H.R. Proc., Pt. 8, 1991 Sess., p. 3058, remarks of Representative Raymond M. H. Joyce.

Subsections (b) and (c) of § 16-8d came into existence one year later as part of Public Acts 1992, No. 92-194 (P.A. 92-194). As stated, subsection (b) begins

---

[3] The language stands in contrast to General Statutes (Rev. to 1991) § 31-51m (c), which provides in relevant part that "[a]ny employee who is discharged, disciplined or otherwise penalized by his employer in violation of the provisions of subsection (b) [prohibiting adverse action against an employee based on his report of illegal or unethical practices by his employer] may, after exhausting all available administrative remedies, bring a civil action . . . in the superior court . . . ."

with the phrase, "[i]n any action brought under the provisions of section 16-8a, which results in a judgment in favor of the plaintiff . . . ." Subsection (c) provides that subsections (a) and (b) shall apply only to an action brought pursuant to section 16-8a "by an employee of a Nuclear Regulatory Commission licensee operating a nuclear power generating facility in this state or by any person, firm, corporation, contractor or subcontractor directly or indirectly providing goods or services to such licensee." Together, those subsections reveal that the "plaintiff" in the "action brought under the provisions of section 16-8a"; General Statutes § 16-8d (b); is an employee of a nuclear power company, an employee of one of its contractors or the contractor itself.

The remaining question is the identity of the defendant. That the defendant in an action under § 16-8a would be a power company becomes initially apparent on review of subsection (a) of § 16-8d, which provides for remedies in the event that "the court finds, in a final decision, in favor of the company." Further, the 1992 legislation that added subsections (b) and (c) is entitled "An Act Concerning the Costs and Fees in Certain Actions Brought Against Public Service Companies." P.A. 92-194. That title clearly suggests that the "action brought under the provisions of section 16-8a" referred to in § 16-8d (b) is an action against a public service company, not an action against a state agency. The sponsor of the bill also referred to it as applying in the case of "an action brought by a whistle blower, if he wins a judgment against a nuclear power plant." 35 H.R. Proc., Pt. 7, 1992 Sess., p. 2298, remarks of Representative Raymond M. H. Joyce.

It is ironic, of course, that § 16-8d provides a whole set of remedies for a cause of action that the General Assembly failed to formulate. It is clear, however, that there is no reference in either the statutes or their history to a cause of action by a whistleblower against

the state or one of its agencies. Thus, the most that can be said is that to the extent that § 16-8a creates some right of action by a whistleblower, that statute and § 16-8d make it a right of action against a power company and not against the department.

That conclusion finds support in the sovereign immunity doctrine. It is well settled that the "state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms . . . ." (Internal quotation marks omitted.) *White* v. *Burns*, 213 Conn. 307, 312–13, 567 A.2d 1195 (1990). Section 16-8d (b) makes no mention of a right to sue the state. Accordingly, the plaintiff cannot do so under that statute.[4]

### III

General Statutes § 16-35 governs "[a]ppeals to Superior Court" from department decisions. Section 16-35 (a) provides: "Any person, including but not limited to a company, town, city, borough or corporation aggrieved by any order, authorization or decision of the Department of Public Utility Control, except an order, authorization, or decision of the department approving the taking of land, in any matter to which such person was or ought to have been made a party or intervenor, may appeal therefrom in accordance with the provisions of section 4-183."

As the language of § 16-35 reveals, an appeal from a final department decision must comply with the final decision rule of General Statutes § 4-183 (a). *Southern New England Telephone Co.* v. *Dept. of Public Utility Control*, 64 Conn. App. 134, 139–40, 779 A.2d 817, cert. granted on other grounds, 258 Conn. 922, 782 A.2d 1252

---

[4] The complaint does not purport to state a cause of action against or to seek relief from Northeast Nuclear and, therefore, the complaint cannot stand as an action against Northeast Nuclear alone.

(2001). The final decision rule, in this context, requires "a contested case." General Statutes § 4-166 (3) (A). A contested case is a proceeding "in which an agency is *required by statute* to provide an opportunity for a hearing to determine a party's legal rights or privileges." (Emphasis in original.) *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, 226 Conn. 792, 811, 629 A.2d 367 (1993).

As previously discussed, neither § 16-8a or any other statute requires a hearing when, as here, the department investigates an employee's whistleblower complaint against a nuclear power company and finds no merit in the complaint. Therefore, to the extent that the plaintiff has attempted to take an administrative appeal from the department's decision, there is no contested case, and the appeal must be dismissed.

The motion to dismiss is granted.