The plaintiff, Clarence O. Reynolds, is a former employee of the defendant Northeast Nuclear Energy Company (Northeast Nuclear) who filed a whistleblower complaint against the company with the defendant department of public utility control (department). The plaintiff has now filed an action against the department and Northeast Nuclear challenging the department's decision to refrain from taking administrative enforcement action against Northeast Nuclear. The plaintiff seeks an order remanding the case to the department with orders to enforce the plaintiffs reinstatement as an employee of Northeast Nuclear. The department moves to dismiss primarily on the ground that there is no contested case within the meaning of the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. For the following reasons, the court grants the motion to dismiss.
 I
The plaintiff contends that his action is not an administrative appeal under the UAPA, but rather is a unique *Page 190 
cause of action under General Statutes §§ 16-8a and 16-8d. Section 16-8a
is entitled "Protection of employee of public service company, contractor or Nuclear Regulatory Commission from retaliation. Procedures. Regulations"[1] and contains a series of procedures for the *Page 191 
department to follow in investigating a whistleblower *Page 192 
complaint against a public service or nuclear power generating company. While subsection (d) of the statute requires a hearing if the department decides to issue orders or to impose civil penalties against a company, the statute does not require the department to conduct a hearing if, as here, it decides against imposing any sanctions against a company.
Section 16-8d is entitled "Recovery of costs, expenses, judgments or attorney's fees for an action brought under section 16-8a."[2] In asserting that a cause *Page 193 
of action exists under § 16-8a, the plaintiff relies particularly on subsection (b) of § 16-8d. That subsection provides that "[i]n any action brought under the provisions of section 16-8a, which results in a judgment in favor of the plaintiff, the court shall award to the plaintiff, in addition to any other relief, costs and a reasonable attorney's fee based on the work reasonably performed by an attorney and not on the amount of recovery, and may award punitive damages." General Statutes § 16-8d (b). The plaintiff appears to contend that §§ 16-8a and16-8d (b) give him a right to sue the department independent of the UAPA.
 II
At the outset, it is not clear that the plaintiff has filed his action under §§ 16-8a and 16-8d. The plaintiff's complaint does request damages, costs and attorney's fees pursuant to § 16-8d. But the complaint is entitled "Appeal," seeks a finding that the department's conduct was undertaken without substantial justification within the meaning of General Statutes § 4-184a (b), which is part of the UAPA, and seeks attorney's fees and costs pursuant to the same statute. Those statements and allegations make this case look like an administrative appeal under the UAPA. Out of an abundance of caution, the court will construe the complaint as attempting both to constitute a direct action under §§ 16-8a
and 16-8d as well as an administrative appeal under the UAPA.
 III
Insofar as the complaint arises under §§ 16-8a and 16-8d, the court holds that the plaintiff cannot sue the department. The analysis begins with *Page 194 
Public Acts 1991, No. 91-247 (P.A. 91-247). Section one of P.A. 91-247
amended § 16-8a so that it would contain the four paragraphs that correspond generally to subsections (a), (b), (d) and (f) of the current statute. See footnote 1. Section two of P.A. 91-247 created what is now codified as subsection (a) of § 16-8d. See footnote 2. Section two provided that no costs or expenses associated with "any action brought under the provisions of section 16-8a" may be included in the rates of any public service company until the department or the department of labor, "in a final decision, finds in favor of the company or if such action is appealed, until such time as the court finds, in a final decision, in favor of the company." P.A. 91-247, § 2.
To be sure, the references to "any action brought under the provisions of section 16-8a" and to an appeal from an agency decision are unclear. One searches both the 1991 version and the current version of § 16-8a in vain for any right of action to which the phrase "any action brought under the provisions of section 16-8a" could refer.[3] Instead, § 16-8a
describes only an administrative process. The sponsor of the 1991 bill nonetheless stated that the bill "would not allow the utility to charge ratepayers for legal expenses in the whistle blower's harassment case unless the final decision is in favor of the utility." 34 H.R. Proc., Pt. 8, 1991 Sess., p. 3058, remarks of Representative Raymond M. H. Joyce.
Subsections (b) and (c) of § 16-8d came into existence one year later as part of Public Acts 1992, No. 92-194 (P.A. 92-194). As stated, subsection (b) begins *Page 195 
with the phrase, "[i]n any action brought under the provisions of section16-8a, which results in a judgment in favor of the plaintiff. . . ." Subsection (c) provides that subsections (a) and (b) shall apply only to an action brought pursuant to section 16-8a "by an employee of a Nuclear Regulatory Commission licensee operating a nuclear power generating facility in this state or by any person, firm, corporation, contractor or subcontractor directly or indirectly providing goods or services to such licensee." Together, those subsections reveal that the "plaintiff" in the "action brought under the provisions of section 16-8a"; General Statutes § 16-8d (b); is an employee of a nuclear power company, an employee of one of its contractors or the contractor itself.
The remaining question is the identity of the defendant. That the defendant in an action under § 16-8a would be a power company becomes initially apparent on review of subsection (a) of § 16-8d, which provides for remedies in the event that "the court finds, in a final decision, in favor of the company." Further, the 1992 legislation that added subsections (b) and (c) is entitled "An Act Concerning the Costs and Fees in Certain Actions Brought Against Public Service Companies." P.A. 92-194. That title clearly suggests that the "action brought under the provisions of section 16-8a" referred to in § 16-8d (b) is an action against a public service company, not an action against a state agency. The sponsor of the bill also referred to it as applying in the case of "an action brought by a whistle blower, if he wins a judgment against a nuclear power plant." 35 H.R. Proc., Pt. 7, 1992 Sess., p. 2298, remarks of Representative Raymond M. H. Joyce.
It is ironic, of course, that § 16-8d provides a whole set of remedies for a cause of action that the General Assembly failed to formulate. It is clear, however, that there is no reference in either the statutes or their history to a cause of action by a whistleblower against *Page 196 
the state or one of its agencies. Thus, the most that can be said is that to the extent that § 16-8a creates some right of action by a whistleblower, that statute and § 16-8d make it a right of action against a power company and not against the department.
That conclusion finds support in the sovereign immunity doctrine. It is well settled that the "state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms. . . ." (Internal quotation marks omitted.) White v. Burns,213 Conn. 307, 312-13, 567 A.2d 1195 (1990). Section 16-8d (b) makes no mention of a right to sue the state. Accordingly, the plaintiff cannot do so under that statute.[4]
 III
General Statutes § 16-35 governs "[a]ppeals to Superior Court" from department decisions. Section 16-35 (a) provides: "Any person, including but not limited to a company, town, city, borough or corporation aggrieved by any order, authorization or decision of the Department of Public Utility Control, except an order, authorization, or decision of the department approving the taking of land, in any matter to which such person was or ought to have been made a party or intervenor, may appeal therefrom in accordance with the provisions of section 4-183."
As the language of § 16-35 reveals, an appeal from a final department decision must comply with the final decision rule of General Statutes §4-183 (a). Southern New England Telephone Co. v. Dept. of Public UtilityControl, 64 Conn. App. 134, 139-40, 779 A.2d 817, cert. granted on other grounds, 258 Conn. 922, 782 A.2d 1252 *Page 197 
(2001). The final decision rule, in this context, requires "a contested case." General Statutes § 4-166 (3) (A). A contested case is a proceeding "in which an agency is required by statute to provide an opportunity for a hearing to determine a party's legal rights or privileges." (Emphasis in original.) Summit Hydropower Partnership v. Commissioner ofEnvironmental Protection, 226 Conn. 792, 811, 629 A.2d 367 (1993).
 As previously discussed, neither §