[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Motion to Dismiss
The plaintiff, Town of East Hampton, appeals from the decision of the defendant, Department of Public Health ("the department"), approving exclusive service area boundaries and a coordinated water system plan pursuant to General Statutes §§ 25-33g and 25-33h. Both of these statutes are within part III of chapter 474 of the General Statutes. The complaint alleges that the appeal is brought pursuant to General Statutes §§ 25-36 and 4-183. In pertinent part, § 25-36 (a) provides: "Except as provided otherwise in this part, any person or corporation aggrieved by any order of the Department of Public Health made under the provisions of part III of . . . chapter [474], may appeal therefrom in accordance with the provisions of section 4-183, except venue shall be in the judicial district in which the source of the water or ice supply is located." Section 4-183 (a) provides in pertinent part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section." The department moves to dismiss the plaintiff's appeal for lack of subject matter jurisdiction.[1]
There is no absolute right of appeal to the courts of this state from a decision of an administrative agency. See Lewis v. Gaming Policy Board,224 Conn. 693, 699, 620 A.2d 780 (1993). "The [Uniform Administrative Procedure Act, General Statutes §§ 4-166 et seq., (`UAPA')] grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances." (Internal quotation marks omitted.) Lewis v. Gaming Policy Board, supra, 699-700. In the absence of a grant of power from a statute, the court lacks subject matter jurisdiction over an appeal from an agency decision. Id.
Section 25-36 is like other statutes, such as General Statutes §§16-35 and 16-50q, that link the right to appeal an agency decision to the provisions of § 4-183.[2] In such situations, the Appellate Court has required that an appealing party satisfy the requirements of §4-183, including other statutes that define the terms used in § 4-183. Thus, in Southern New England Telephone Co. v. Department of PublicUtility Control, 64 Conn. App. 134, 139-43, 779 A.2d 817 (2001), cert. dismissed, 260 Conn. 180, ___ A.2d ___ (2002), the Appellate Court reasoned that, because § 16-35 refers to § 4-183, including the CT Page 8778 "final decision" component of § 4-183, and because the plaintiff had not appealed from any type of "final decision" as defined in § 4-166
(3), the trial court lacked jurisdiction.
The final decision rule, in the context of the plaintiff's appeal, requires a "contested case." General Statutes § 4-166 (3)(A).[3] A "contested case," according to the Supreme Court's decision in SummitHydropower Partnership v. Commissioner of Environmental Protection,226 Conn. 792, 811, 629 A.2d 367 (1993), is a proceeding "in which an agency is required by statute to provide an opportunity for a hearing to determine a party's legal rights or privileges." (Emphasis in original).[4] A hearing required by regulations or held gratuitously by the agency is not sufficient. Id., 810; Lewis v.Gaming Policy Board, supra, 224 Conn. 700, 704-05.[5]
Sections 25-33g and 25-33h, upon which this case arises, do not require a hearing. Instead, they require the Commissioner of Public Health ("commissioner") to make decisions based on assessments and plans submitted by water utility coordinating committees and "comments" from municipalities, regional planning agencies, other state agencies, and other interested parties.[6] The plaintiff admits in its appeal complaint that it requested a public hearing but the department denied the request. (Plaintiff's Appeal, ¶¶ 15-17, 20, 24(a)). Sections 25-33g
and 25-33h stand in contrast to several other sections in part III that explicitly require a hearing. See General Statutes §§ 25-32g and25-34.[7]
At oral argument, the plaintiff relied on Nizzardo v. State TrafficCommission, 259 Conn. 131, 788 A.2d 1158 (2002), to avoid the consequences of the absence of a statutorily-required hearing. InNizzardo, the Supreme Court addressed the meaning of General Statutes § 14-311 (e), which provides that "[a]ny person aggrieved by any decision of the State Traffic Commission hereunder may appeal therefrom in accordance with the provisions of section 4-183. . . ." The Court observed that if it were "to read that provision as encompassing the usual requirement of a hearing required by statute, the provision would be meaningless, because the very statute to which it refers does not require a hearing." Id., 140 n. 11.
Nizzardo dealt with a different type of statutory scheme. The grant of appeal in § 14-311 (e) referred only to decisions rendered under that statute, which did not include a provision for a hearing. In contrast, § 25-36 (a) refers to appeals from "any order of the Department of Public Health made under the provisions of part III of this chapter. . . ." As stated, there are several statutes in part III that require a hearing for decisions made thereunder. See supra note 7. Indeed, § CT Page 877925-34 (b) specifically states that "[a]ny hearing shall be deemed to be a contested case and held in accordance with the provisions of chapter 54 [UAPA]. The request for a hearing shall be a condition precedent to an appeal under the provisions of section 25-36." These statutes give meaning to the language of § 25-36, including its incorporation of the final decision requirements of § 4-183 (a).
The plaintiff points out that the language in § 25-36 (a) authorizing appeals from department orders "under the provisions of part III of this chapter" came about as a result of a 1995 public act that the General Assembly passed only two years after the decision in SummitHydropower and that replaced prior language authorizing appeals from orders made only under "the provisions of section 25-32, 25-33 or 25-34." Public Acts 1995, No. 95-329, § 2. The essence of the plaintiff's argument is that the 1995 public act had to enlarge the right to appeal department decisions in some way. Regrettably, the legislative history of the 1995 public act does not address the amendment made to § 25-36. But the most logical interpretation of this amendment is that it insured that there would be a right to appeal decisions made under § 25-32g, which pertains to orders to correct immediate threats to public water supplies.[8] Prior to the 1995 amendment, decisions made under §25-32g, even though made after a hearing provided for by that statute, would not have been a decision under "the provisions of section 25-32,25-33 or 25-34" and thus would not have been appealable through § 25-36
(a). The 1995 public act expanded the scope of § 25-32g.[9] It would thus have made sense for the legislature also to expand the scope of § 25-36 (a) to include decisions under § 25-32g in its appeal authority. There is no similar rationale for expanding § 25-36 (a) to include decisions, such as those in this case, made under §§ 25-33g
and 25-33h.[10]
Finally, the plaintiff argues that the reference in § 25-36 (a) to § 4-183 incorporates the "procedural" aspects of that statute but not the contested case requirement. This argument fails because all of §4-183 is procedural. In any event, the plaintiff cannot pick and chose those aspects of § 4-183 that it likes and those that it does not. The legislature has already decided that an appeal under § 25-36 (a) must be "in accordance with the provisions of section 4-183" except for venue. Because the plaintiff cannot satisfy the final decision requirement of § 4-183 (a), this court lacks subject matter jurisdiction.
Accordingly, the court grants the motion to dismiss.
Carl J. Schuman Judge, Superior Court CT Page 8780