[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision on Motion to Dismiss
I
 INTRODUCTION
The defendant ("department") has moved to dismiss the captioned administrative appeal on the ground that "the plaintiff seeks to appeal from a decision of the defendant that is not a final decision rendered in a contested case as required by Connecticut General Statutes § 4-183
(a)."[1] (Motion to dismiss dated Sept. 16, 2002.)
For purposes of this motion, the following facts, which have been established by the unchallenged allegations of the appeal, admissions of counsel at argument or affidavits and exhibits submitted in connection with this motion, are taken to be true: the plaintiff ("town") has maintained a soccer field ("existing soccer field") on a portion of land owned by it which is classified as class II land pursuant to General Statutes § 25-37c (b)[2] (unless otherwise indicated, all further section and chapter references are to the General Statutes); the town filed an application ("application") with the department pursuant to § 25-32 (c)[3] for a permit to change the use of the existing soccer field, and to change the use of other contiguous class II land owned by it, to two baseball fields, a new soccer field and a parking lot; and, the department issued a denial ("denial") of the application, without conducting a hearing on it.
In support of its motion, the department argues that no statute required the department to conduct a. hearing on the application, so that the denial was not made in a "contested case" as that phrase is defined in § 4-166 (2),[4] as a result of which the denial was not a "final decision", as that phrase is defined in § 4-166 (3),[5] as a consequence of which the denial is not appealable pursuant to § 4-183
(a). The town responds that § 25-36 (a)[6] grants a right of appeal which is independent of, and unrestricted by, the provisions of § 4-183
CT Page 4000 (a), and, as an alternative basis for denial of the motion, that §25-37d[7] requires the department to conduct a hearing on the application, so that the "required by statute" prerequisite for a contested case contained in § 4-166 (2) has been met.
 II DISCUSSION
Section 25-36 (a)
As noted above, § 25-36 (a) states, in relevant part: "Except as provided otherwise in this part, any person or corporation aggrieved by any order of the Department of Public Health made under the provisions of this part, may appeal therefrom in accordance with the provisions of section 4-183 . . ." The question presented is whether the right to appeal established in § 25-36 (a) is qualified by the final decision requirement of § 4-183 (a); that is, does § 25-36 (a) allow an appeal from an order which is not entered in a "contested case" and does not constitute a "final decision."
The town argues that if the right to appeal under § 25-36 (a) is qualified by the final decision requirement of § 4-183 (a), then the General Assembly's grant, in § 25-36 (a), of the right to appeal an order is superfluous. Phrased differently, the town argues that the right to appeal from a final decision of the department clearly exists under § 4-183 (a), so that if the right granted by § 25-36 (a) is conditioned by the final decision required of § 4-183 (a), then the right to appeal pursuant to § 25-36 (a) is repetitive of the right granted by § 4-183 (a) and is, therefore, redundant and meaningless. The town posits that the rules of statutory construction call for courts to avoid construing a statute in a way which renders it meaningless.
A virtually identical issue was resolved by the Appellate Court inSouthern New England Telephone Company v. Department of Public UtilityControl, 64 Conn. App. 134, 139-40 (2001), in the following language: "Pursuant to § 16-35, `[a]ny person, including but not limited to a company . . . aggrieved by any order, authorization or decision of the Department of Public Utility Control . . . may appeal therefrom in accordance with the provisions of [General Statutes §] 4-183 . . .' There is nothing within the text of § 16-35 that indicates that a final decision of the department is required to take an administrative appeal. According to the statute's terms, however, appeals taken under § 16-35 must comply with the provisions of § 4-183. Section 4-183
(a) sets forth the jurisdictional requirement that appellants must be CT Page 4001 `aggrieved by a final decision' of the agency to take an administrative appeal. (Emphasis added.) When read together, the plain language of the statutes makes it clear that § 4-183 (a) places the jurisdictional requirement of a final decision on appeals taken under § 16-35. Accordingly, the court did not improperly fail to conclude that the telephone company was entitled to take an administrative appeal of the directives in the April letter without a final decision of the department." (Footnote omitted.) Id.
On the authority of Southern New England Telephone, it is held, as the department argues, that § 25-36 (a) does not provide to the town a right to appeal which is unburdened by the "final decision" requirement of § 4-183 (a).
Section 25-37d
The town argues that the requirement of § 25-37d that the commissioner of the department ("commissioner") "shall adopt regulations . . . for the review of permit applications . . . [which] shall include . . . a public hearing . . ." is a clear expression of legislative intent that a hearing had to be held on the application, so that the "required by statute" test of § 4-166 (2) has been met by the mandate of §25-37d and the denial was, therefore, an appealable final decision for purposes of § 4-183 (a). The department responds that § 25-37d
invests the commissioner, in the promulgation of those statutorily mandated regulations, with "wide latitude to determine when a public hearing is required." (Memorandum of Law in Support of Defendant's Motion to Dismiss, p. 6.) The department goes on to argue that § 25-37d (1) et seq. of the Regulations of Connecticut State Agencies ("regulations") have been promulgated by the commissioner in response to the mandate of § 25-37d, and that, pursuant to § 25-37d (1) et seq. of the regulations, no hearing was required on the application. In short, the department argues that § 25-37d does not require public hearings on all permit applications, but, rather, only on those permit applications which the commissioner determines should be the subject of hearings.
Adoption of the department's construction of § 25-37d would mean that, even in those situations in which the regulations promulgated by the commissioner require that a hearing be held, such a hearing would not be "required by statute," but only permitted by regulation, with the result that a public hearing is never "required by statute" under §25-37d on a permit application. If a public hearing is never required by statute on a permit application, then a decision on a permit application can never be a "final decision" in a "contested case" which can be appealed under § 4-183 (a). CT Page 4002
In the absence of any support in the language of § 25-37d for the department's position, it is held that the mandate of that statute that the commissioner "shall adopt regulations . . . for the review of permit applications . . . [which] shall include . . . a public hearing . . ." means what it says. That is, the directive that the commissioner shall
(emphasis added) provide for public hearings on permit applications means that such hearings are "required by statute" pursuant to § 4-166
(2), so that the denial of the application was a final decision in a contested case.
The court notes that nothing on the face of § 25-37d grants to the commissioner "wide latitude to determine when a public hearing is required," as the department claims in its brief, and that the department has neither cited authority, nor offered any analysis of the statutory language, to support that conclusory statement. Further, if § 25-37d
were construed to delegate unlimited discretion to the commissioner, without establishing "primary standards" for its exercise (as called for in State v. Stoddard, 126 Conn. 623 (1940), and its progeny), then §25-37d would raise a separation of powers issue under article second of the constitution of Connecticut, as amended by article seventeen of its amendments. The court's obligation to avoid deciding constitutional issues, except when necessary, further weakens the department's argument. State v. McCahill, 261 Conn. 492, 561-02 (2002).
 CONCLUSION
The motion to dismiss is denied.
G. Levine, J.