CLARENCE O. REYNOLDS *v*. DEPARTMENT OF PUBLIC UTILITY CONTROL ET AL.
(SC 16894)

Sullivan, C. J., and Borden, Katz, Palmer and Zarella, Js.

Argued September 26—officially released November 18, 2003

*Nancy Burton,* for the appellant (plaintiff).

*Robert L. Marconi,* assistant attorney general, for the appellee (named defendant).

*Duncan Ross MacKay,* with whom, on the brief, was *Alicia B. Davenport,* for the appellee (defendant Northeast Nuclear Energy Company).

*Opinion*

PER CURIAM. The plaintiff, Clarence O. Reynolds, appeals from the judgment of the trial court dismissing for lack of subject matter jurisdiction his action against the defendants, the state department of public utility control (department) and Northeast Nuclear Energy Company (Northeast).[1] The plaintiff claims that the trial court: (1) improperly determined that General Statutes §§ 16-35a, 16-8a and 16-8d do not provide a direct cause of action against the department; (2) improperly determined that § 16-35a precludes him from bringing an administrative appeal from the department's findings; and (3) improperly determined that his complaint did not state a cause of action against Northeast.[2]

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the trial court should be affirmed. The issues were resolved properly in the trial court's concise and well reasoned memorandum of

[1] The plaintiff appealed to the Appellate Court from the judgment of the trial court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] In his brief, the plaintiff also cursorily claimed that the trial court improperly found that the department had investigated his complaint and had found no merit in it. Our examination of the record discloses, however, that the plaintiff did in fact allege in his complaint to the trial court that the department had dismissed his administrative complaint because it had found that Northeast was justified in terminating his employment. As such, the trial court properly characterized the facts as the plaintiff had pleaded them. In any event, a different characterization of the department's findings would not help the plaintiff overcome the legal barriers to his cause of action or administrative appeal from the department's findings.

decision. *Reynolds* v. *Dept. of Public Utility Control,* 48 Conn. Sup. 188, 835 A.2d 134 (2001). The memorandum fully addresses all issues raised by the plaintiff in this appeal, and we therefore adopt it as a proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Davis* v. *Freedom of Information Commission,* 259 Conn. 45, 55, 787 A.2d 530 (2002). Accordingly, we do not reach the doctrines of res judicata and collateral estoppel proffered by Northeast as alternate grounds for affirmance.

The judgment is affirmed.